## Case No. 17,024.

VOWELL v. WEST.

[4 Cranch, C. C. 100.] [1]

Circuit Court, District of Columbia. Nov. Term, 1830.

### SHIPPING—RIGHTS OF SUPERCARGO.

A supercargo has a right to retain for a general balance due to him by the owners, notwithstanding their assignment of the cargo and bill of lading to a trustee for the benefit of certain creditors.

[Cited in Luckett v. West. Case No. 8,593.]

Bill in equity by [John C. Vowell] the assignee of the cargo against [John West] the supercargo, who claimed to retain for a balance due to him by the assignors.

CRANCH, Chief Judge, delivered the opinion of the court (THRUSTON, Circuit Judge, absent). The facts of the case appear to be these: J. & J. Harper, on the 18th of May, 1827, shipped, on board the brig Sea Horse, for Rio Grande, a cargo of flour, &c., consigned to the defendant, who went out in the brig as supercargo, to be sold for account and risk of J. & J. Harper, at Rio Grande. The Harpers, on the 18th of June, 1827, about a month after the brig had sailed, having failed in trade, made a general assignment of their effects to the complainant,

[1] [Reported by Hon. William Cranch, Chief Judge.]

J. C. Vowell, in trust, to pay certain debts due to the United States, and others, and endorsed the bill of lading of this cargo, in the following words, namely: "For value received, and for the purposes mentioned in a deed of trust to John C. Vowell, executed by us this day, we hereby transfer to the said John C. Vowell all our right, title and interest in and to the within bill of lading, and the proceeds of the cargo mentioned therein. Alexandria, 18th June, 1827. J. & J. Harper." The cargo was sold by the defendant, at Rio Grande, in August, 1827, and the proceeds invested in a cargo for the Havana, where he arrived with it on the 6th of November, 1827, when the defendant first heard of the failure of the Harpers; at which time, their notes to the defendant, to the amount of $7,000 or $8,000, given for the purchase of flour, and which had been discounted at some of the banks, to the credit of the defendant, were due and unpaid, and the defendant was liable to the banks for the whole amount. He received information on the same day, that the Harpers had assigned their property; but he had no notice or knowledge that the assignment was to the complainant until the 20th of January, 1828, when he arrived in Alexandria. On the 21st of January, 1828, he paid and took up the notes of the Harpers, upon which he was indorser, (and which had all been protested previous to the middle of September, 1827,) and paid the balance of money remaining in his hands, of the proceeds of the cargo, to the order of the complainant.

The question is, whether the defendant has a right, as against the complainant, to retain so much of the proceeds as was due from the Harpers to him, at the time of his receiving notice of the assignment. If the Harpers had made no assignment, and had become insolvent, the right of the defendant to set off this claim in equity, could not be denied. Can the assignment affect his equity before notice? He was the factor of the Harpers, and if the outward cargo had remained in his hands, at the time of the notice, he would have had a lien upon it for his general balance, in case of the insolvency of his principals; a fortiori he had a right to set off the debt due from them to him, against the debt due from him to them. Drinkwater v. Goodwin. Cowp. 251; Hammonds v. Barclay, 2 East, 227; Lickbarrow v. Mason, 6 East, 20, note. We are, therefore, of the opinion that the complainant's bill ought to be dismissed.

See, also, Paley, Prin. & Ag. 109, 110, 115.

[See Case No. 8,593.]

---

VOWINKLE (HOSTETTER v.). See Case No. 6,714.